IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| Marston/Safi v. S-L Distribution Company, LLC<br>and<br>S-L Distribution Company, LLC v. Marston/Safi<br>and<br>S-L Distribution Company, LLC v. Marhal Distributors LLC, *et al.* | 1:19-cv-02187-JPW |

_____

| | |
|---|---|
| Charleau v. S-L Distribution Company, LLC<br>and<br>Snyder's-Lance, Inc., as Successor in Interest to S-L Distribution Company, LLC v. Charleau<br>and<br>Snyder's-Lance, Inc., as Successor in Interest to S-L Distribution Company, LLC v. Charleau Distribution, LLC | 1:20-cv-00879-JPW |

_____

| | |
|---|---|
| Vrabac/Rocco v. S-L Distribution Company, LLC<br>and<br>S-L Distribution Company, LLC v. Vrabac/Rocco<br>and<br>S-L Distribution Company, LLC v. Vedo Snacks LLC, *et al.* | 1:20-cv-00937-JPW |

_____

**MEMORANDUM OF LAW IN SUPPORT OF S-L'S UNOPPOSED MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT OF NAMED PLAINTIFFS' CLAIMS AND S-L'S <u>COUNTERCLAIMS AND THIRD-PARTY CLAIMS</u>**

Pursuant to Fed. R. Civ. P. 41(a)(2), Defendant S-L Distribution Company, LLC and Counterclaimant-Third-Party Plaintiff Snyder's Lance, Inc., as successor in interest to S-L Distribution Company, LLC (both entities herein collectively

referred to as "S-L"),[1] respectfully moves this Court for entry of an Order:

1. dismissing with prejudice, with each party to bear its own attorneys' fees, expenses and costs, the above-captioned actions, including Plaintiffs Daaveed Charleau, Kevin Marston, Paul Rocco, Belal Safi, and Arnes Vrabac's ("Named Plaintiffs") claims in the above-captioned actions, further including those brought under Connecticut wage statutes, the Massachusetts Wage Act, New Hampshire wage laws, and common law (such as breach of contract), as well as S-L's counterclaims against Named Plaintiffs and third-party claims against Third-Party Defendants;[2] and

2. approving the Parties' settlement of each Named Plaintiff's claims and their release of claims, including those under (i) the Fair Labor Standards Act ("FLSA"); (ii) state wage and hour and wage payment laws; and (iii) common law (such as breach of contract).[3]

## I. INTRODUCTION

In the above-captioned matters, Named Plaintiffs assert claims, respectively, under Connecticut wage statutes, the Massachusetts Wage Act, New Hampshire wage laws, and/or common law (such as breach of contract). Although the relief requested in the accompanying Unopposed[4] Motion does not impact any rights of

---

[1] On February 1, 2021, S-L Distribution Company, LLC was merged into Snyder's Lance, Inc.

[2] "Third-Party Defendants" is defined as Charleau Distribution LLC, L&K Snacks LLC, Marhal Distributors LLC, Rocco Snack Food Distributor LLC, Speedy Snacks LLC, and Vedo Snacks LLC.

[3] Named Plaintiffs have reviewed this Motion and do not oppose the relief sought.

[4] Plaintiffs' counsel have informed defense counsel that, in Plaintiffs' view, judicial approval of the underlying settlements is *not* required because (i) these actions are not being settled on a classwide basis per Fed. R. Civ. P. 23(e) and (ii) Plaintiffs do not assert Fair Labor Standards Act ("FLSA") claims in their complaints. Notwithstanding, Plaintiffs' counsel do not oppose S-L's desire to obtain judicial

the members of the putative class as defined in each Named Plaintiffs' respective operative Complaint (none of which include any claim under the FLSA), S-L seeks approval of the proposed settlement for each Named Plaintiff, which only applies to the Named Plaintiffs' respective individual claims. As detailed more fully below, as part of the approval of each Named Plaintiff's individual Confidential Settlement Agreement and Release ("Agreement"), the Named Plaintiffs will each be releasing certain state and common law claims, as well as FLSA claims. Therefore, S-L respectfully moves for this court's approval of the proposed settlement.

## II. LEGAL ARGUMENT

For a settlement agreement involving FLSA and/or state law wage-related claims to be approved, the settlement must resolve a bona fide dispute, and be fair and equitable to all parties. *See, e.g., Skaggs v. Gabriel Bros., Inc.*, 2021 WL 2184769, at *2 (M.D. Pa. May 28, 2021). As the Court in *Skaggs* explained:

> A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as ... back wages, that are actually in dispute." If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA.

*Id.* (citations omitted).

---

approval of the settlements (which contain FLSA waivers) and agree with S-L that the settlements are fair and reasonable.

3

### A. Settlement of the Above-Captioned Matters Resolves a *Bona Fide* Dispute Between the Parties.

Approval of each Named Plaintiff's individual Agreement is proper because the Agreements are fair, reasonable, and adequate resolutions of bona fide disputes between Named Plaintiffs and Third-Party Defendants, on the one hand, and S-L, on the other.[5]  Each Named Plaintiff's respective complaint and S-L's answer, counterclaim, and third-party claims demonstrate that a bona fide dispute exists regarding, *inter alia*, whether S-L properly classified Third-Party Defendants as independent contractors and in turn, whether S-L was required to pay Named Plaintiffs overtime compensation.  *See, e.g.*, Marston Dkt. No. 67, ¶¶ 29-30;[6] Marston Dkt. No. 36, ¶¶ 30-31.  A bona fide dispute also exists regarding whether S-L improperly withheld wages and/or failed to reimburse Named Plaintiffs for work-related expenses.  *See, e.g.*, Charleau Dkt. No. 31, ¶ 39;[7] Charleau Dkt. No. 63, ¶ 40; Vrabac Dkt. No. 1, ¶ 67;[8] Vrabac Dkt. No. 49, ¶ 67.

---

[5] If the Court would like to review the Agreements in full, S-L can make copies of the confidential Agreements available for *in camera* review.

[6] "Marston Dkt. No." refers to docket entries associated with *Marston/Safi v. S-L Dist. Co., LLC*, Case No. 1:19-cv-02187 (M.D. Pa.).

[7] "Charleau Dkt. No." refers to docket entries associated with *Charleau v. S-L Dist. Co., LLC*, Case No. 1:20-cv-00879 (M.D. Pa.).

[8] "Vrabac Dkt. No." refers to docket entries associated with *Vrabac/Rocco v. S-L Dist. Co., LLC*, Case No. 1:20-cv-00937 (M.D. Pa.).

### B. Settlement of the Above-Captioned Matters is Fair and Reasonable.

Approval of the Agreements is also proper because they are "fair and reasonable to Plaintiffs." *Skaggs*, 2021 WL 2184769, at *2. Named Plaintiffs are represented by the law firms Winebrake & Santillo, LLC; Lichten & Liss-Riordan, P.C.; and Woolf, McClane, Bright, Allen & Carpenter, PLLC (collectively, "Named Plaintiffs' Counsel"). Named Plaintiffs' Counsel are "well-versed in wage and hour litigation," as shown through their participation in each of the above-captioned matters, as well as other matters before this Court. *Id.*; *see also Diclemente v. Adams Outdoor Advert., Inc.*, 2016 WL 3654462 (M.D. Pa. July 8, 2016) (granting motion for approval of collective action settlement filed by Winebrake & Santillo, LLC).

To that end, the Agreements result from arm's length negotiations between experienced opposing counsel, and prior to reaching an agreement, Named Plaintiffs' Counsel had access to sufficient information to adequately assess the likelihood of success and the risks involved in continued litigation. The Parties also engaged the services of well-known and nationally respected wage and hour mediator, Michael Dickstein, to help facilitate the Agreements. *See, e.g., In re Viropharma Inc. Sec. Litig.*, 2016 WL 312108, at *8 (E.D. Pa. Jan. 25, 2016) (noting that "participation of an independent mediator in settlement negotiations virtually [e]nsures that the negotiations were conducted at arm's length and without collusion between the parties") (citation omitted).

Moreover, the settlement amounts to be distributed to each Named Plaintiff per each Agreement, including the allocation of attorneys' fees and costs to Named Plaintiffs' Counsel, are fair and reasonable. Under the terms of each Agreement, Named Plaintiffs' Counsel—as compensation for their attorneys' fees and costs—is only entitled to one-third of the total settlement amount provided to each Plaintiff, which is lower than the percentage approved for other attorney's fees and costs awards in the U.S. District Court for the Middle District of Pennsylvania. *See, e.g.*, *Diclemente*, 2016 WL 3654462, at *5 (approving attorney's fees and costs to plaintiffs' counsel equaling 50% of the total settlement amount).

### C. Settlement Of The Above-Captioned Matters Furthers The Implementation Of The FLSA And State Law.

Lastly, there is nothing about the Agreements that runs counter to or "impermissibly frustrates" the FLSA or any state's laws in any way. *Skaggs*, 2021 WL 2184769, at *2. First, the Agreements contain a release provision whereby the Named Plaintiffs agree to release S-L from claims that were or could have been raised in this Action, including claims under the FLSA and relevant state wage and hour laws, as well as other employment-related claims. The release is "sufficient[ly] limited in nature and its parameters are clear" as it relates to waiver of claims, and thus, is consistent with other releases approved in this District and does not "frustrate the implementation of the FLSA" or any state's laws. *See DiClemente*, 2016 WL 3654462, at *4; *see also Skaggs*, 2021 WL 2184769, at *2.

Second, the Agreements contain a confidentiality provision, but this Court previously explained that "confidentiality provisions that are narrowly tailored and do not contain any sanctions may be permissible" in settlement agreements involving the release of FLSA claims. *See Skaggs*, 2021 WL 2184769, at *2 (quoting *Diclemente*, 2016 WL 3654462, at *4) (internal quotations omitted). And here, each Agreement's confidentiality provision is comparable to, and closely resembles, the confidentiality provision approved in *DiClemente*, which was found to be narrowly tailored and, thus, reasonable and proper. *See* 2016 WL 3654462, at *4 (approving of confidentiality provision "stating that plaintiffs agree that they will not communicate or disclose the 'terms of this Agreement, or the circumstances leading up to this Agreement, to any persons other than his/her spouse, significant other, immediate family, attorney, accountant and/or tax consultant, or as otherwise required by law'"). Specifically, the provision in the Agreements limits the ability of Named Plaintiffs and Plaintiffs' Counsel to publicly disclose the terms of the Agreements (such as to the general public, to the media, or on any social media application or website), but Plaintiffs may still disclose the terms where reasonable or as legally required (e.g., to immediate family, tax preparers, accountants, financial advisors, and federal, state, or local government, regulatory, or law enforcement agencies (such as the Equal Employment Opportunity Commission ("EEOC") or the Securities Exchange Commission ("SEC"))). In addition, the confidentiality

provision does not itself provide for, or specify, any liquidated damages in the event of a breach of such provision, which further confirms the reasonableness of its inclusion in Named Plaintiffs' Agreements. *See also id.*

### III. CONCLUSION

For these reasons, S-L respectfully requests that the Court, in accordance with the proposed Order filed herewith, (1) dismiss with prejudice each of the above-captioned actions and the claims alleged therein, with each party to bear its own attorneys' fees, expenses, and costs; and (2) approve the Parties' settlement of their claims in the above-captioned matters; as well as the Agreements' release of claims, including those under (i) the Fair Labor Standards Act, (ii) state wage and hour and wage payment laws, and (iii) common law (such as breach of contract).

Respectfully submitted this 17th day of February, 2022.

**S-L Distribution Company, LLC and Snyder's Lance, Inc., as successor in interest to S-L Distribution Company, LLC**

/s/ *Benjamin K. Jacobs*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
*One of the Attorneys for Defendants, Counterclaim Plaintiffs, and Third-Party Complainants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2022, a copy of the foregoing was filed electronically and served upon all counsel of record via operation of the Court's CM/ECF System or by mail upon anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Benjamin K. Jacobs*
Benjamin K. Jacobs
